## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN STEIMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Collen Steimer, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Benefit Plan constitutes a "plan under ERISA."

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.      Venue is proper within the Western District of Pennsylvania pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the Plan is administered.

## PARTIES

4.      Plaintiff, Colleen Steimer, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Allegheny County, Pennsylvania.

5.       Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is an insurance company authorized to transact the business of insurance in the state of Pennsylvania, and may be served with process by mailing a copy of the summons and this pleading to Hartford Life and Accident Insurance Company, 200 Hopmeadow Street, Simsbury, Connecticut, 06089.

6.      Defendant Hartford is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. GF3-830-502315-01, issued by Hartford to The TJX Companies, Inc.

## FACTS

7.      The TJX Companies, Inc. is the Plan Administrator of the ERISA disability plan described herein, and administers the Plan from its headquarters in Framingham, Massachusetts.

8.      Plaintiff was employed by The TJX Companies, Inc., in its West Mifflin, Pennsylvania location, as a Store Manager.

9.      By virtue of her employment, Plaintiff was covered by Group Long Term Disability Policy No. GLT675896, issued by Hartford to The TJX Companies, Inc.

10.     The provision of group long term disability insurance coverage to employees of The TJX Companies, Inc. is a constituent portion of The TJX Companies, Inc. Welfare Plan (hereinafter, "Plan"), and constitutes an ERISA welfare benefit plan.

11.     Plaintiff is a participant or beneficiary of the Plan.

12.     While employed by The TJX Companies, Inc., Plaintiff developed foot trauma requiring multiple foot surgeries.

13.     After attempting to maintain employment, Plaintiff ceased work due to a disability on November 10, 2010, while covered under the Plan.

14.     Plaintiff has continued to suffer symptoms of foot pain requiring additional foot surgeries.

15.     Plaintiff also suffers from fibromyalgia, joint pain, muscle pain, fatigue, osteoarthritis, migraine headaches, disordered sleep pattern and depression.

16.     Plaintiff filed an application for long term disability benefits under the Plan.

17.     Plaintiff's application for long term disability benefits was approved, and benefits are to be paid through July 12, 2017.

18.     At Hartford's behest, Plaintiff applied for and was approved for disability benefits under the Social Security Act.

19.     By letter dated July 15, 2015, Hartford informed Plaintiff her long term disability benefits for a physical condition were terminated.

20.     The July 15, 2015, letter stated that Plaintiff would be paid benefits through July 12, 2017, based on a "Mental and Nervous condition," which under the policy has a 24 month limitation.

21.     With assistance of counsel, Plaintiff appealed Hartford's determination that Plaintiff's disability was based on a "Mental and Nervous condition" and the July 12, 2017, termination of benefits.

22.     By letter dated February 18, 2016, Hartford upheld its termination of benefits.

23.    Plaintiff exhausted her administrative remedies under ERISA and the Plan.

24.    As part of her appeal, Plaintiff provided Hartford treatment notes and opinions of disability from treating physicians Dr. Linda Shuman and Dr. Thomas Baer.

25.    Dr. Linda Shuman and Dr. Thomas Baer opined that due to pain, Plaintiff would be unable to sustain full time employment due to the need for extensive breaks or excessive absences.

26.    In response to Hartford's request for an opinion on Plaintiff's functionality, Plaintiff's treating physician Dr. Bass disagreed that Plaintiff could work in a sedentary or light occupation.

27.    Dr. Richard Kaplan, a doctor hired by Hartford, performed a physical exam on Plaintiff and verified her physical diagnoses and pain syndromes, but found Plaintiff could work at the sedentary level.

28.    Dr. Ben Hur P. Mobo, also hired by Hartford, performed a medical file review and opined that Plaintiff's "subjective pain complaints are supported by the medical records and consistent with fibromyalgia and arthralgia from degenerative joint disease," but found that Plaintiff retained sedentary functionality.

29.    No physician has opined that Plaintiff is disabled due to a "Mental or Nervous condition."

30.    Hartford's decision that Plaintiff is disabled due to a "Mental or Nervous condition" is arbitrary.

31.    Hartford's termination of benefits and rejection of the opinions of Dr. Shuman, Dr. Baer, and Dr. Bass was arbitrary.

32.     Hartford acted arbitrarily to terminate benefits in the absence of evidence of medical improvement.

33.     Hartford acted arbitrarily in disregarding the finding of disability of the Social Security Administration.

34.     Hartford acted arbitrarily in relying on the opinion of a non-examining physician's file review.

35.     Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

36.     Hartford would pay any benefits due out of its own funds.

37.     Hartford was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

38.     Hartford allowed its concern over its own funds to influence its decision-making.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

39.     Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

40.     Plaintiff is disabled and entitled to benefits under the terms of the Plan.

41.     Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

42.     The decisions to deny benefits were wrong under the terms of the Plan.

43.     The decisions to deny benefits and decision-making processes were arbitrary and capricious.

44.     The decisions to deny benefits were not supported by substantial evidence in the record.

45.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

46.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.     A finding in favor of Plaintiff against the Defendant;

2.     Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.     Prejudgment and postjudgment interest;

4.     An Order requiring the Plan to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

5.     An Order requiring Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan or under any other employee welfare benefit plan;

6.     Plaintiff's reasonable attorney fees and costs; and

7.     Such other relief as this court deems just and proper.

Dated this 10th day of March, 2017.

Respectfully submitted,

BY:    *s/R. Scott Wilson*
        R. Scott Wilson (TN #019661)
           *pro hac vice motion filed*
        Eric Buchanan & Associates, PLLC
        414 McCallie Avenue
        Chattanooga, TN  37402
        (423) 634-2506
        FAX:  (423) 634-2505
        swilson@buchanandisability.com